UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND STROMINGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-1014-JD-MGG |
| INDIANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

OPINION AND ORDER

Raymond Strominger, a prisoner without a lawyer, began this lawsuit in the Southern District of Indiana by filing a complaint dated November 15, 2020. ECF 1. It was properly transferred because all of the relevant events occurred at the Indiana State Prison which is located here in the Northern District. *See* ECF 5.

The complaint contains two unrelated groups of claims. First, it alleges Captain Jeremy Dykstra and Sgt. Timothy Reed forced him to crawl up two flights of stairs at the Indiana State Prison on April 2, 2019. Second, it alleges the Indiana Department of Correction has denied him access to a program or activity at the Indiana State Prison due to his disability.

Strominger knows these claims are unrelated because he previously brought the same claims against the same six defendants[1] in *Strominger v. Indiana Department of Correction*, 3:19-cv-624 (N.D. Ind. filed August 12, 2019), where the court told him they

---

[1] In addition to another claim and other defendants.

were unrelated on August 28, 2020 – only three months before he filed this complaint.[2] *See id*. at ECF 16. Nevertheless, he swore under penalty of perjury he had "not sued any of these defendants named in this action for the same claims that he alleged in this action." ECF 1 at 6.

When a plaintiff files a complaint with unrelated claims, it is the usual practice of this court to allow him to decide which related claims to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. However, this is not a usual case. Here, Strominger had already been told these were unrelated claims before he filed this case. He knew all of the relevant events occurred at the Indiana State Prison here in the Northern District of Indiana, yet he choose to file it in the Southern District and falsely say he had not previously brought the same claims against the same defendants. Therefore, the court will "solve the problem [of unrelated claims in this case] by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

This case will proceed only on the claim that Captain Jeremy Dykstra and Sgt. Timothy Reed forced him to crawl up two flights of stairs at the Indiana State Prison on April 2, 2019. "A document filed pro se is to be liberally construed, and a pro se

---

[2] Though he again attempts to connect these unrelated claims by naming several supervisors, as he was previously told, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Though he again alleges these supervisors did not have proper policies or training for their employees, as he was previously told, "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Moreover, "employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Therefore, those allegations still do not make these claims related.

2

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Strominger alleges he is unable to walk and requires the use of a wheelchair. He alleges he was injured when Captain Jeremy Dykstra and Sgt. Timothy Reed forced him to crawl up two flights of stairs by threatening to drag him if he did not. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint plausibly alleges forcing Strominger to crawl up the stairs was a malicious and sadistic use of force intended to cause harm in violation of the Eighth Amendment. Strominger does not say what injury he suffered as a result,

3

but liberally construing the complaint, he has plausibly alleged a non-de minimis injury. *See Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution.).

For these reasons, the court:

(1) GRANTS Raymond Strominger leave to proceed against Captain Jeremy Dykstra and Sgt. Timothy Reed in their individual capacities for forcing him to injure himself by crawling up two flights of stairs to avoid being drug up them on April 2, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Indiana Department of Corrections, Robert E. Carter, Ronnie Neal, and George Payne;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Captain Jeremy Dykstra and Sgt. Timothy Reed at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Captain Jeremy Dykstra and Sgt. Timothy Reed to respond to the complaint as provided for in the Federal Rules of

4

Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 8, 2021.

s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT